**Motion GRANTED.**

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| CONNIE RENA STANTON, | ) | |
| | ) | |
| Petitioner, | ) | No. 3:13cv1089 |
| | ) | |
| v. | ) | Crim. Case No. 3:12-00018 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | JUDGE TRAUGER |
| | ) | |
| Respondent. | ) | |

## MOTION FOR AN ORDER FINDING
## WAIVER OF ATTORNEY-CLIENT PRIVILEGE

On October 4, 2013, Petitioner Connie Rena Stanton filed a petition under 28 U.S.C. § 2255 seeking a new sentencing hearing. In that petition, Stanton alleges, among other things, that his prior defense counsel, G. Travis Hawkins, provided ineffective assistance of counsel. When a movant in a habeas corpus motion raises a Sixth Amendment claim of ineffective assistance of counsel, he waives the attorney-client privilege as to the matters challenged. *Bittaker v. Woodford,* 331 F.3d 715, 716 (9th Cir. 2003) ("It has long been the rule in the federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer.") (internal citations omitted); *see also In re Lott*, 424 F.3d 446, 452-53 (6th Cir. 2005) (acknowledging attorney-client-privilege waiver in similar situations).

Here, Petitioner has raised an ineffective assistance of counsel claim. To adequately respond to it, the United States must speak with Mr. Hawkins and obtain an affidavit or